Filed 2/9/21  Allied Building Products v. Nguyen CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| ALLIED BUILDING PRODUCTS, | |
| Plaintiff and Respondent, | G058467 |
| v. | (Super. Ct. No. 30-2018-01007675) |
| TRI NGUYEN et al., | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, Carmen R. Luege, Temporary Judge.  (Pursuant to Cal. Const., art. VI, § 21.)  Affirmed.

The Chang Firm and Randy Chang for Defendant and Appellant.

No appearance by Respondent.

\*          \*          \*

Plaintiff Allied Building Products (Allied) sued a corporation and its president, defendant Tri Nguyen, and for breach of a written agreement that included a personal guarantee purportedly signed by Nguyen. There was no court reporter at the ensuing court trial, where Nguyen presented opinion testimony by a handwriting expert to assert his purported signature was a forgery. The trial court found against Nguyen and entered judgment for Allied. No statement of decision was requested.

Nguyen has chosen to appeal without a record of the oral proceedings in this case. Notwithstanding, he contends the evidence at trial was insufficient to support the judgment against him, the trial judge acted improperly during trial, and the court should not have granted Allied's trial motion to amend its complaint to include an alter ego allegation against him. All of Nguyen's arguments rely on assessing what was said at trial.

All appeals are subject "'to three fundamental principles of appellate review: (1) a judgment is presumed correct; (2) all intendments and presumptions are indulged in favor of correctness; and (3) the appellant bears the burden of providing an adequate record affirmatively proving error.'" (*Acquire II, Ltd. v. Colton Real Estate Group* (2013) 213 Cal.App.4th 959, 970; see *Jameson v. Desta* (2018) 5 Cal.5th 594, 609, ["'Failure to provide an adequate record on an issue requires that the issue be resolved against [the appellant]'"].)

We reject all of Nguyen's contentions based on the inadequate record presented and his decision to appeal "without a record of the oral proceedings." On his insufficient evidence claims, it is well-established that if no reporter's transcript is provided and no error is apparent on the face of the record, an appellate court will

conclusively presume the trial court's findings were supported by the evidence. (*Estate of Fain* (1999) 75 Cal.App.4th 973, 992.)[1]

The same logic applies to Nguyen's claims the trial court abused its discretion, given there is no statement of decision to shed light on the trial court's reasoning on Nguyen's assertions. Nguyen claims the trial court was biased against him, "advocate[d] for Allied," and should not have granted Allied's trial motion to amend its complaint to include alter ego allegations against him. Again, our assessments of the claims depend on reviewing what was said (or not said) during trial. (See *Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295-1296 [lack of reporter's transcript or settled statement resulting in question on abused discretion for motion ruling "resolved against [appellants]"]; see also *People v. Williams* (2017) 7 Cal.App.5th 644, 693-694 [assessing record for nonforfeiture of judicial misconduct claims and noting review of trial transcript showed claims lacked merit in any case].) In sum, an inadequate record prevents us from assessing the merits of Nguyen's contentions.

---

[1] Nguyen also waived the claims by not discussing all of Allied's material trial evidence, such as Allied's witness testimony. (*Foreman & Clark Corp. v. Fallon* (1971) 3 Cal.3d 875, 881 [When appellants contend "'some particular issue of fact is not sustained, they are required to set forth in their brief *all* the material evidence on the point and *not merely their own evidence*'"].)

## DISPOSITION

The judgment is affirmed.  Allied is entitled to costs.


ARONSON, J.

WE CONCUR:


BEDSWORTH, ACTING P.J.


IKOLA, J.

4